UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAROLYN BURRELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:10-CV-1757 |
| | § | |
| PAUL V. BROWN, in his individual capacity, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Original Complaint (Doc. No. 3). After considering the foregoing Motion, the Court finds that the motion must be granted.

### I. BACKGROUND

This is a case brought pursuant to 42 U.S.C. § 1983 in which Plaintiff Carolyn Burrell, an African American female, alleges that she was deprived of her right to contract when she was reassigned from her position at the University of Texas Medical Branch-Galveston ("UTMB"). Plaintiff claims that her supervisor, Paul Brown, reassigned Plaintiff from a registered nurse ("RN") position to a licensed vocational nurse ("LVN") position, which allegedly is a lower level position. (Pl. Complt. ¶ 4, 5.) Plaintiff claims that she was sent by Mr. Brown, a Caucasian male, to perform the LVN position even though white LVNs were employed by UTMB and could have been assigned to the LVN position. (*Id.* ¶ 6.) Plaintiff claims that she complained to Mr. Brown about his decision and called to his attention the "race element." (*Id.*) Plaintiff alleges that the reassignment was intended to force her to resign and eventually Mr. Brown falsely claimed that Plaintiff had resigned. (*Id.* ¶ 4.)

On May 15, 2010, Plaintiff filed this lawsuit against Mr. Brown in his individual capacity. On September 3, 2010, Defendant filed a Motion to Dismiss Plaintiff's Original Complaint. Plaintiff has not filed a response to Defendant's motion to dismiss. The motion is ripe for disposition.

## II. LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

## III. ANALYSIS

Defendant argues that Plaintiff's § 1983 claim is barred by *res judicata*. Specifically, Defendant argues that Plaintiff's claims have been heard and dismissed by both a Texas state court and a federal district court in the Southern District of Texas. Any further claim arising out of the same facts must, according to Defendant, be barred as precluded by the judgments of these prior courts.

The doctrine of *res judicata* teaches that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "Four elements must be met for a claim to be barred by res judicata: '(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases.'" *Oreck Direct LLC v. Dyson Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (quoting *In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007)).

With respect to the first element, the parties in the present action (Carolyn Burrell as Plaintiff and Paul Brown, in his individual capacity, as Defendant) are identical to the parties named in the prior federal action filed in the Southern District of Texas, Case No. 4:10-cv-3932 (Carolyn Burrell as Plaintiff and UTMB and Paul Brown, in his individual capacity, as Defendants).[1] (Pl. First Amended Orig. Complt., Doc. No. 3, Exh. 5.)

As to the second element, in her prior federal action, Plaintiff claimed violations of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981. (Pl. First Amended Orig. Complt. ¶ 3, Doc. No. 3, Exh. 5.) The district court possessed subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which vests the federal courts with jurisdiction over civil actions arising under the laws of the United States, and therefore, its judgment was made by a court of competent jurisdiction.

The district court's memorandum and order dated April 21, 2010 in Plaintiff's prior federal action satisfies the third element. Upon the defendants' motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6), Judge Miller dismissed Plaintiff's Title VII and § 1981 claims with

---

[1] The public records from Plaintiff's former state court and federal court proceedings have been attached to Defendant's Motion to Dismiss. (Doc. No. 3, Exhs. 1-8.) Federal courts are permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss. *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

3

prejudice. This type of dismissal constitutes a final judgment on the merits. *See Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"); *Oreck Direct LLC,* 560 F.3d at 401 (stating that the "district court's dismissal of the case with prejudice was a final judgment on the merits"); *Fernandez-Montes v. Allies Pilots Ass'n,* 987 F.2d 278, 284 n.8 (5th Cir. 1993) ("A dismissal which is designated 'with prejudice' is 'normally an adjudication on the merits for purposes of res judicata.'").

The fourth element—whether the same claim or cause of action is involved in both cases—is the critical one here. Courts apply the "transactional test" in order to determine whether the same claim or cause of action has been asserted in both actions. *In re Ark-La-Tex,* 482 F.3d at 330 (quoting *Eubanks v. FDIC,* 977 F.2d 166, 171 (5th Cir. 1992)). "The critical issue under this determination is whether the two actions under consideration are based on 'the same nucleus of operative facts' . . . rather than the type of relief requested, substantive theories advanced, or types of rights asserted." *In re Paige,* 610 F.3d at 872 (internal citations omitted); *In re Ark-La-Tex Timber Co.,* 482 F.3d at 330. Making a determination of whether the same nucleus of operative facts is present requires that the court analyze "the factual predicate of the claims asserted." *In re Ark-La-Tex Timber Co.,* 482 F.3d at 330. Here, Plaintiff asserts in the complaint before this Court that her § 1983 claim arises out of Defendant's reassignment of her from the position of RN to LVN. (Pl.'s Complt. ¶ 4.) In her prior federal action, Plaintiff asserted an identical set of facts giving rise to her Title VII and § 1981 claims—namely, that Defendant reassigned her position and attempted to force her to take an assignment that should have been filled by LVNs rather than a RN like Plaintiff. (Pl.'s First Amended Orig. Complt. ¶¶ 10, 12, Doc. No. 3, Exh. 5.) Leaving aside the distinction between the § 1983 claim brought in this Court

and the Title VII and § 1981 claims brought in Judge Miller's court, it is clear that Plaintiff's claims in both courts arise from her allegedly wrongful reassignment from a RN position to a LVN position. The reassignment is a single occurrence under the transactional test because it constitutes the same nucleus of operative facts for both the § 1983 claim and the Title VII and § 1981 claims. Therefore, we conclude that the same claim was involved in both the present action and the prior federal action.

As a final matter, we note that there is no indication that Plaintiff could not or should not have asserted her § 1983 claims in the prior federal action. As the same factual predicate underlay both her § 1983 claims, one hand, and her Title VII and § 1981 claims, on the other, Plaintiff cannot and has not argued that, at the time of her prior federal action, she was unaware of the facts that would serve as the basis of her present § 1983 claim. Therefore, since all four factors of the *res judicata* test have been met, the Court holds that Plaintiff's claims against Defendant are barred by *res judicata*.

## IV. CONCLUSION

Defendant's Motion to Dismiss Plaintiff's Original Complaint, (Doc. No. 3), is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**.

**SIGNED** this 7 day of December, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE